# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHIVA STEIN, derivatively on behalf of THE GOLDMAN SACHS GROUP, INC., and individually as a Stockholder of THE GOLDMAN SACHS GROUP, INC., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 2017-0354-SG |
| LLOYD C. BLANKFEIN, M. MICHELE BURNS, GARY D. COHN, MARK A. FLAHERTY, WILLIAM W. GEORGE, JAMES A. JOHNSON, ELLEN J. KULLMAN, LAKSHMI N. MITTAL, ADEBAYO O. OGUNLESI, PETER OPPENHEIMER, DEBORA L. SPAR, MARK E. TUCKER, DAVID A. VINIAR, MARK O. WINKELMAN and THE GOLDMAN SACHS GROUP, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: November 9, 2023
Date Decided: February 27, 2024

Brian E. Farnan, Michael J. Farnan, Rosemary J. Piergiovanni, FARNAN LLP, Wilmington, Delaware; OF COUNSEL: A. Arnold Gershon and Michael A. Toomey, of BARRACK, RODOS & BACINE, New York, New York, *Attorneys for Plaintiff.*

Kevin M. Gallagher, Robert L. Burns, RICHARDS, LAYTON & FINGER, P.A. Wilmington, Delaware, *Attorneys for Defendant The Goldman Sachs Group, Inc.*

Kevin G. Abrams, Peter Shindel Jr., Matthew L. Miller, ABRAMS & BAYLISS LLP, Wilmington, Delaware; OF COUNSEL: Robert J. Giuffra, Jr., David M.J. Rein, SULLIVAN & CROMWELL LLP, New York, *Attorneys for Director-Defendants*.

Anthony A. Rickey, MARGRAVE LAW LLC, Wilmington, Delaware, *Attorney for Objector*.

**GLASSCOCK, Vice Chancellor**

As ratoons spring from cut-down canes, so this case comes back before me on a third proposed settlement.[1] Judicial consideration of the settlement is required because Plaintiff has proceeded derivatively on behalf of nominal Defendant The Goldman Sachs Group, Inc. ("Goldman" or the "Company"). The Complaint, to oversimplify, was based on alleged inappropriate, and inappropriately implemented, compensation awards, by Defendant Directors to themselves and other corporate actors; it was characterized as containing claims direct and derivative. Defendants filed a Motion to Dismiss, which was fully briefed. Before argument on the Motion, however, the parties agreed to settle the matter, largely to remedy allegedly inadequate disclosures regarding the awards, while releasing the derivative claims for disgorgement. A stockholder (the "Objector") appeared to oppose the settlement (the "First Settlement"). I found the First Settlement inadequate, and therefore rejected it; I directed the parties to proceed with the Motion to Dismiss. Subsequently, I granted the Motion in part, leaving intact the derivative claims for excessive compensation paid to the non-employee directors. Litigation ensued, negotiations were re-engaged, and the parties again reached a settlement (the "Second Settlement"), this time by reducing director compensation and by imposing certain therapeutic benefits in favor of Goldman, including a requirement of a

---

[1] The first proposed settlement was cut down due to inadequate consideration; the second was felled on appeal concerning the scope of the release of claims, as discussed *infra.*

3

binding stockholder consideration of Defendants' compensation through 2024. In return, the parties negotiated a release of claims, including theoretical future claims that might arise from any stockholder-approved incentives through 2024. A hearing was scheduled to consider approval of the Second Settlement. Objector again appeared, and argued, *inter alia*, that the release of future claims was impermissible. Nonetheless, upon consideration, I found the settlement in the interest of Goldman and its stockholders, and approved it.

Objector appealed, and the Supreme Court reversed and remanded, on the ground raised by Objector at the hearing, that the release of claims that could arise in the future, as contemplated in the Second Settlement, was improper.

Upon remand, the parties again agreed to settle the matter (the "Amended Settlement"[2]), by retaining the terms in favor of Goldman, which I had found fair to Goldman and its stockholders, but omitting the release of claims which might, but had not yet, attached; that is, omitting that portion of the release disallowed by the Supreme Court. Objector again opposed the settlement, this time on the grounds of lack of adequate consideration, and offered to intervene as party plaintiff and litigate the matter.

---

[2] I refer to the settlement pending before me as the "Amended Settlement" because it is identical to the Second Settlement, amended to remove the improper provisions of the release.

For the reasons that follow, I find that the law of the case obtains, that the Amended Settlement, retaining as it does the benefits to Goldman of the Second Settlement which I had found fair, while deleting the release that the Supreme Court found to be improper, is fair to Goldman and its stockholders. Accordingly, the Amended Settlement is approved.

## I. BACKGROUND[3]

*A. Factual Background*

Plaintiff brought claims both individually as a stockholder of the Company and derivatively on behalf of the Company. The following allegations were pled in the Complaint:

1. Count I: A derivative claim for breach of fiduciary duty against Director Defendants based on excessive compensation awards to non-employee directors;

2. Count II: A direct claim for breach of fiduciary duty against Director Defendants based on failure to disclose material information to stockholders when Director Defendants approved the Company's 2013 and 2015 Stock Incentive Plans ("SIP"); in

---

[3] This memorandum opinion only contains facts that are necessary for my analysis. For an in-depth review of the background facts, interested readers are directed to my May 31, 2019 memorandum opinion. Also, refer to that opinion for a detailed list of parties in this action. *See Stein v. Blankfein*, 2019 WL 2323790 (Del. Ch. May 31, 2019).

particular, information required by certain Treasury and SEC regulations;

3. Count III: A derivative claim for breach of fiduciary duty against Director Defendants based on issuing stock-based awards under the 2013 and 2015 SIPs, which are void because they were approved by uninformed shareholder votes; and

4. Count IV: A direct claim for breach of fiduciary duty against Director Defendants based on inadequate disclosure of material information in the Company's 2015, 2016, and 2017 proxy statements concerning the tax deductibility of cash-based incentive awards to named executive officers made from 2011 to 2016.[4]

## B. The First Proposed Settlement

Defendants moved to dismiss the Complaint on July 28, 2017 (the "Motion to Dismiss").[5] On March 20, 2018, before oral argument on the Motion to Dismiss, the parties agreed to settle the matter and submitted it for the Court's approval (the "First Settlement").[6] The First Settlement required The Goldman Sachs Group, Inc. to provide Goldman stockholders with disclosures that were omitted from the 2013 and

---

[4] Verified S'holder Compl. ¶¶ 51–71, Dkt. No. 1.
[5] Director-Def. Mot. to Dismiss Compl., Dkt. No. 6; Nominal Def. Goldman Sachs Group Mot. to Dismiss and Joinder to Director-Def. Opening Br. in Supp. of Mot. to Dismiss Compl., Dkt. No. 8.
[6] Stipulation and Agreement of Compromise, Settlement, and Release, Dkt. No. 27.

2015 proxy statements.[7]  Objector filed an Objection to the First Settlement and Application for Attorney's Fees and Expenses on June 5, 2018.[8]  Objector asserted that the Proposed Settlement provided no value to the class and that the proposed release was overly broad, Plaintiff was an inadequate representative, and that the settlement did not support a fee award.[9]

After receiving briefing from the parties, including Objector, on the issues, I rejected the proposed First Settlement.  I held that the release of derivative claims was not fair to the Company since the First Settlement largely only remedied disclosure claims without providing value for release of disgorgement claims for overpayment to non-employee directors.[10]  In other words, I found that the modest corporate benefits promised by the Defendants, balanced against the claims given up by Goldman, did not present a fair outcome.[11]  Afterward, I awarded Objector $100,000 in fees on July 1, 2019.[12]

*C. Motion to Dismiss*

Thereafter, I held oral arguments on the pending Motion to Dismiss on February 4, 2019.[13]  On May 31, 2019, I issued an opinion addressing the Motion to

---

[7] *Id.*

[8] Sean Griffith Obj. to Proposed Settlement and Appl. for Att'ys' Fees and Expenses, Dkt. No. 36 ("Objector's First Obj.").

[9] *Id.*

[10] *Stein v. Blankfein*, 2018 WL 5279358, at *4 (Del. Ch. Oct. 23, 2018).

[11] *Id.*

[12] Letter Order, Dkt. No. 96.

[13] Judicial Action Form Oral Arg. on Mot. to Dismiss, Dkt. No. 86.

Dismiss.[14] I dismissed Plaintiff's disclosure claims, Count II, III, and IV, but I denied the Motion to Dismiss Count I regarding Plaintiff's derivative claim for excessive payment to non-employee directors.[15] The latter claim is the sole ground remaining for litigation.

### D. Second Proposed Settlement

Defendants answered the Complaint on July 26, 2019.[16] Thereafter, the parties entered into a second proposed settlement on February 28, 2020 (the "Second Settlement").[17] The Second Settlement sought to address the deficiencies in the Proposed Settlement, as briefly limned above.[18] In particular, the Second Settlement included a reduction in the annual compensation of Goldman directors going forward with a then-present value in the range of $4.6 million, and incorporated changes to Goldman Sachs' compensation practices, which included a review of director compensation.[19]

These changes would be presented for ratification by a future stockholder vote to approve a 2021 SIP, encompassing compensation from 2022 through part of

---

[14] *Stein*, 2019 WL 2323790.
[15] *Id.*
[16] Defs.' Answer to Verified S'holder Compl., Dkt. No. 104; Nominal Def. The Goldman Sachs Group, Inc. Answer to Verified S'holder Compl., Dkt. No. 105.
[17] Stipulation and Agreement of Compromise, Settlement, and Release, Dkt. No. 117.
[18] *Id.*
[19] *Id.* at ¶ 2.

2024.[20] In exchange, the Second Settlement barred potential actions that "now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly . . . the amount of [Goldman's] non-employee director compensation to be paid or awarded pursuant to the 2021 SIP…" among other releases.[21]

Thereafter, Objector filed an objection to the Second Settlement.[22] Objector asserted that (i) the Second Settlement's consideration offered no value; (ii) the Second Settlement improperly released future claims relating to the agreed-upon reduced compensation amounts for 2020–2024; (iii) Plaintiff was not an adequate representative; and (iv) Plaintiff's fee request was excessive.[23] Objector also submitted a fee request, seeking an increase in the initial fee award due to the creation a corporate benefit which resulted from the rejection of the Proposed Settlement.[24]

I approved the Second Settlement in a bench ruling on August 18, 2020.[25] I found that the Second Settlement was fair since the reduction of director compensation was near the maximum amount, $4.6 million, that could be recovered

---

[20] *Id.* If the 2021 SIP was not approved as scheduled in March 2021, the claims would not be released.

[21] *Id.* at 18–19.

[22] Sean J. Griffith's Obj. to Proposed Settlement and Appl. for an Award of Att'ys' Fees, Dkt. No. 129.

[23] *Id.*

[24] Objector Sean J. Griffith's Opening Letter Mem. in Supp. of Objector's Appl. for an Award of Att'ys' Fees and Expenses, Dkt. No 141.

[25] Judicial Action Form, Dkt. No. 136; 8-18-2020 Settlement Hr'g and the Ct.'s Ruling on the Objector's Mot., Dkt. No. 137 ("Bench Ruling").

in regard to the derivative claim.[26] In regard to the release of future claims, I rejected Objector's objection to the release and held that the Second Settlement capped compensation subject to the approval of stockholders, complying with the restrictions outlined within *In re Philadelphia Stock Exchange, Inc.*[27] I also found that the parties attempted to import the Delaware waste standard into their release, which, therefore, did not release future waste claims.[28] In addition, I found that the objection to Plaintiff's adequacy as a representative was insufficient to reject the settlement.[29] I reserved deciding on Plaintiff's and Objector's motions for attorneys' fees and expenses.[30]

On July 12, 2021, I issued a letter opinion denying Objector's request that I increase his fee award because, although Objector's participation in the action was helpful, it was not crucial to my rejection of the First Settlement.[31] However, I granted Plaintiff's request for fees, amounting to $612,500– a percentage of the common fund created by the Second Settlement together with $50,000 for the

---

[26] Bench Ruling 44:19–46:1.
[27] *Id.* 43:21–44:3 (citing 945 A.2d 1123, 1146 (Del. 2008) (quoting *UniSuper Ltd. v. News Corp.*, 898 A.2d 344, 347 (Del. Ch. 2006) (holding that stockholders cannot release claims arising out of "operative facts that will occur in the future")).
[28] Bench Ruling 43:21–44:3.
[29] *Id.* 45:24.
[30] *Id.* 46:4–6.
[31] Letter Op., Dkt. No. 158.

10

therapeutic benefits of the settlement.[32]  Thereafter, I entered a final order approving the Second Settlement on July 23, 2021.[33]

### E. Objector's Appeal

Objector filed his notice of appeal on August 20, 2021.[34]  On appeal, Objector asserted that the Court erred in: (i) approving an overbroad release; (ii) approving the settlement without finding Plaintiff was an adequate representative of the corporation's interest; and (iii) improperly setting Objector's fee.[35]  Objector did not appeal my finding that the benefit represented by the Second Settlement to the Company was fair.

The Supreme Court denied the latter two objections, holding that my failure to address Plaintiff's adequacy as a class representative under Rule 23.1 was not reversable error and finding that the I did not abuse my discretion in declining to award greater fees to Objector.[36]  However, the Supreme Court reversed my approval of the Second Settlement.  The Supreme Court held that the sub-provision in the release effectively barred all claims relating to non-employee director compensation

---

[32] *Id.*   I do not consider the Plaintiff's or Objector's current fee requests in this Memorandum Opinion.

[33] Order Entering Final J., Dkt. No. 160.

[34] Notice of Appeal, Dkt. No. 161; Appellant's Opening Br., *Griffith v. Stein*, No. 264, 2021 Dkt. No. 23.

[35] *Griffith v. Stein ex rel. Goldman Sachs Grp., Inc.*, 283 A.3d 1124, 1127 (Del. 2022).

[36] *Id.* at 1138–39.

through 2024 and did not solely concern the cap on compensation.[37]  The Supreme

Court remanded the matter for further proceedings consistent with its opinion.[38]

### F. Amended Proposed Settlement

After remand, I held a status conference on August 22, 2022, with the parties

and Objector.[39]  The parties agreed to delete language in the release relating to future

claims and submitted an amended settlement (the "Amended Settlement").[40]  Parties

submitted briefing in support of approval of the Amended Settlement.[41]  Objector

filed another objection, this time objecting to the Amended Settlement's

consideration and seeking to intervene as plaintiff.[42]  Thereafter, I permitted

Objector to file a sur-reply, and the parties filed letters in response.[43]  I heard oral

argument on the matter on November, 9, 2023, and consider the matter submitted as

of that day.[44]

---

[37] *Id.* at 1135.
[38] *Id.* at 1139.
[39] Tr. of 8-22-2022 Tel. Status Conf., Dkt. No. 165.
[40] Tr. of 8-22-2022 Tel. Status Conf. 7:23–8:9; Amendment to the Stipulation and Agreement of Compromise, Settlement, and Release, Dkt. No. 171 ("Am. Settlement").
[41] Pl.'s Br. in Supp. of Mot. for Approval of Proposed Settlement, Dkt. No. 176 ("PL Br. in Supp."); Director-Defs.' Br. in Supp. of Approval of the Am. Settlement, Dkt. No. 177 ("Def. Br. in Supp."); Pl.'s Reply in Supp. of Mot. for Approval of Proposed Settlement and Response to Sean J. Griffith's Obj., Dkt. No 181 ("PL RB"); Director-Defs.'s Reply Brief in Supp. of Approval of the Am. Settlement, Dkt. No. 182 ("Def. RB").
[42] Sean J. Griffith's Obj. to Third Proposed Settlement, Dkt. No. 179 ("Objector Obj.").
[43] Objector Sean J. Griffith's Letter Sur-Reply in Further Supp. of Sean J. Griffith's Obj. to Third Proposed Settlement, Dkt. No. 189; Pl.'s Sur-Sur-Reply in Further Supp of her Mot. for Approval of Proposed Settlement and Further Resp. in Opp'n to Sean J. Griffith's Obj. to the Settlement, Dkt. No. 190; Director-Defs' Resp. to Sean J. Griffith's Sur-Reply in Connection with Am. Settlement, Dkt No. 191.
[44] Mot. for Am. Settlement before Vice Chancellor Sam Glasscock dated 11.9.23, Dkt. No. 195.

## II. ANALYSIS

### A. The Adequacy of the Individual Plaintiff

The "law of the case" doctrine mandates that issues already determined by the same court should be adopted without relitigating, and "once a matter has been addressed in a procedurally appropriate way by a court, it is generally held to be the law of that case and will not be disturbed by that court unless compelling reason to do so appears."[45]

Here, I denied Objector's argument that Plaintiff was inadequate to represent the class in my Bench Ruling on August 18, 2020.[46] The issue was appealed, and the Supreme Court declined to reverse my bench decision on that ground.[47] The adequacy of Plaintiff was not among the issues in the Supreme Court's remand.[48] Accordingly, I do not address the issue here.[49]

---

[45] *Odyssey P'rs v. Fleming Co.*, 1998 WL 155543, at *1 (Del. Ch. Mar. 27, 1998) (quoting *Zirn v. VLI Corp.*, 1994 WL 548938, at *2 (Del. Ch. Sept. 23, 1994)).

[46] Bench Ruling 45:20–24.

[47] *Griffith*, 283 A.3d at 1137–39.

[48] *Id.* at 1139.

[49] The Supreme Court indicated that the issue of adequacy of a class representative is normally considered by the trial court in consideration of a derivative settlement, a matter I had not undertaken in my Bench Ruling of August 18, 2020. And the rule has changed to mandate such review going forward. As the issue was not remanded, however, it is inappropriate that I consider it here.

For completeness' sake, I note that Objector has not met his burden to demonstrate inadequacy. Rule 23.1(d) governs settlements of derivative actions. Under Rule 23.1(d)(5)(A), the Court may approve a proposed settlement only after a hearing and only upon finding the derivative plaintiff and derivative counsel adequately represented the entity. I note that Rule 23.1 was recently amended to address a derivative plaintiff's adequacy, however, the comments to the rules provide

*B. The Fairness of the Third Proposed Settlement*

Plaintiff and Director Defendants assert that the Third Proposed Settlement is self-evidently fair, since the Supreme Court did not take issue with my finding that the previous settlement's consideration was adequate, and remanded only regarding the release.[50]  The Amended Settlement addresses this deficiency by removing the release language pertaining to future claims, while retaining an estimated value of $4.6 million in total compensation reductions, and governance commitments, in exchange for the release of Plaintiff's claim.[51]  Director Defendants also contend

---

that the addition does not result in a substantive change in interpreting Rule 23.1 and prior Delaware authorities interpreting the rule and law governing derivative actions remain applicable. Accordingly, traditional case law applies, thus a party who objects to a plaintiff's adequacy also bears the burden of proving the plaintiff is inadequate:

> A defendant has the burden of proof in a motion to disqualify a derivative plaintiff and he must show that a serious conflict exists, by virtue of one factor or a combination of factors, and that the plaintiff cannot be expected to act in the interests of the others because doing so would harm his other interests.  In effect, the defendant must show a substantial likelihood that the derivative action is not being maintained for the benefit of the shareholders.

*Emerald P'rs v. Berlin*, 564 A.2d 670, 674 (Del. Ch. 1989) (citations omitted).

Objector argues that Plaintiff is an inadequate representative for the Company since Plaintiff originally agreed to a settlement that was subpar to preserve her chance at a fee award.  Objector also points to Plaintiff's purported litigious nature to undermine her adequacy as a representative, claiming that it affects her ability to provide adequate attention to the action and undermines her character.

I find that Objector has not met the burden to show that Plaintiff is an inadequate representative. Objector has offered no allegations, nor has he directed the Court's attention to evidence in the record that demonstrates a serious conflict exists between Plaintiff and the Company's other stockholders.  I do not find that a "litigious nature" and the merits of the original settlement persuasive of Plaintiff's inability to act for the interests of stockholders here.

[50] Def. Br. in Supp. 12; PL Br. in Supp. 16.
[51] Am. Settlement.

14

that, since I found that the consideration was fair and because it was not an issue on appeal before the Supreme Court, the law of the case doctrine applies to prevent revisiting the consideration's adequacy.[52]

In short, the non-objecting parties see this as a simple analysis. I found the Second Settlement fair in my Bench Ruling of August 18, 2020.[53] Objector appealed. The Supreme Court did not reverse my finding of adequacy of the benefit obtained—instead, they found that the release offered in return was not acceptable, since it purported to release theoretical claims arising from *future* compensation to Defendant Directors, in addition to releasing current claims. The current—Amended—Settlement is substantively the same as the Second Settlement, with the exception that any potential release of future claims is eliminated. To be clear, the *get* for the Company and its stockholders is precisely the same; it is the Company's give that has been reduced, by elimination of the release of theoretical future claims. In the non-objecting parties' view, the Amended Settlement is entirely more favorable to the Company than the Second Settlement I found fair as of August 18, 2020. Accordingly, as a matter of equity and law of the case,[54] the Amended Settlement should be approved.

---

[52] Def. Br. in Supp. 13–14.

[53] Bench Ruling 44:19–46:1.

[54] The law of the case doctrine supports but does not mandate this result; the doctrine is not inflexible, and the facts have changed in that the consideration to the company has been executed. *See Frederick-Conaway v. Baird*, 159 A.3d 285, 296 (Del. 2017) (citing Gannett Co. v. Kanaga, 750 A.2d 1174, 1181 (Del. 2000)).

15

Objector, unsurprisingly, sees the matter differently. *Contra* to the grounds for his appeal, here Objector takes issue with the adequacy of the consideration proposed in the Amended Settlement.[55] Objector asserts that the consideration provided in the Amended Settlement is fundamentally different than that proposed in the Second Settlement, and gives away valuable claims for no marginal benefit.[56] Objector asserts that the consideration within the Amended Settlement must be evaluated as of the date the parties agreed to *that* Settlement, not the date of the parties' agreement to the Second Settlement, October 17, 2022.[57] The Amended Settlement, of course, was reached after the appeal of the Second Settlement had run its course; by that point, much of the benefit of the settlement had already been realized by the Company.[58] Objector contends that the Amended Settlement does not comport with the premise of this Court's decision in *Chickering v. Giles,* which Objector characterizes as requiring rejection of settlements where consideration has already been exchanged.[59]

In other words, Objector does not argue that the value of the settlement to the Company was unfair at the time of my approval of the Second Settlement on July 23, 2021. Objector contends that value, however, has already been realized by

---

[55] *See* Tr. of Oral Arg. on Director-Defs.' Mot. for Approval of Am. Settlement 27:15–29:5, Dkt. No. 196; *see also* Objector's First Obj..

[56] Objector Obj. 16–28.

[57] Objector Obj. 17–22.

[58] *See* Am. Settlement; Def. Br. in Supp. 9.

[59] Objector Obj. 19 (citing *Giles*, 270 A.2d 373 (Del. Ch. 1970)).

Goldman, and thus cannot form part of the consideration for this settlement, which must be evaluated only as of the present.[60] And since the benefit to the Company has already been realized, the present—accretive and additional—value is null, or nearly so, and cannot support the release of claims.[61]

I view the situation differently. In 2020, the parties proposed a settlement, the Second Settlement.[62] Consistent with Rule 23.1, the stockholders were given notice of the proposed settlement, and the opportunity to appear at the hearing to consider the settlement.[63] Only Objector appeared in opposition.[64] Part of the consideration for the settlement required certain action at the next stockholder meeting.[65] I approved the settlement as fair.[66] Thereafter, as contemplated by the approved Second Settlement, Defendants took the action I had approved as fair, and the benefit was duly conferred on the Company.[67] Meanwhile, Objector appealed, and prevailed on a single ground: that the part of the contemplated release purporting to release inchoate future claims was inequitable and unenforceable.[68] On remand, the non-objecting parties agreed to retain all the terms of the Second Settlement in the

---

[60] Objector Obj. 25–28.
[61] *Id.*
[62] Am. Settlement.
[63] Order Entering Final J. ¶ 3.
[64] Judicial Action Form Settlement Hr'g held 8-18-20, Dkt. No. 136.
[65] Am. Settlement ¶ 2.
[66] Order Entering Final J.
[67] Def. Br. in Supp. 9.
[68] *Griffith*, 283 A.3d at 1135.

Amended Settlement, with a single exception: elimination of the offending attempt to release hypothetical future claims.[69] Again, the Amended Settlement is of greater value to the Company, marginally, than the Second Settlement that I found fair in the Bench Ruling of August 18, 2020. The question before me, then, is this; must I address the give and the get as of today, when the benefits of the settlement have been largely realized? If so, per Objector, the consideration is inadequate; ruling thus would allow the Company to retain both the benefit *and* the claim. Or am I directed[70] under law of the case doctrine to respect the Bench Ruling and its finding that the settlement was fair, a finding unmolested on appeal? If so, I should approve the Amended Settlement.

Objector says that the reasoning of this Court's opinion in *Chickering v. Giles* mandates that I not consider the value of the settlement that has accrued to the Company between the time of the Bench Ruling and today.[71] I do not read *Chickering* so broadly. In *Chickering*, "the differences [between the parties] were settled after an agreement was signed and before a hearing was held," even before a settlement petition was filed, and as a result there was nothing left to consider at any hearing:

> Certain it is that a prime purpose of Rule 23.1 is to give the Court
> meaningful supervision of a derivative settlement and to prevent abuse

---

[69] Tr. of 8-22-2022 Tel. Status Conf. 7:23–8:9; Am. Settlement.
[70] *See* n. 54, *supra.*
[71] Objector Obj. 19–22.

18

(such as paying plaintiff and/or his counsel to discontinue). This is designed to permit, and require, judicial supervision of both dismissal and compromise of a derivative suit. If the Court is to meet its obligation it must not be faced with the kind of fait accompli which the proponents have managed here. And notice to stockholders of the 'proposed' dismissal or 'proposed' compromise, which the Rule requires, will itself be mooted if parties are free, without waiting for notice, hearing or Court approval, to put through settlement of a claim which belongs to none of them except the beneficiary corporation. And, [defendant] has even paid plaintiffs' counsel fees ($34,408.00) for prosecuting this action and the Court has not been asked as yet to consider plaintiffs' right to fees.[72]

This is a far cry from the situation here. Here, the Second Settlement was set for a hearing before it was executed, notice was given to the stockholders, and none (save Objector) appeared or opposed. There was no "fait accompli." To the contrary, I considered the proposed Second Settlement and found it fair to the Company, a finding that was not reversed on appeal. The part of the release found improper on appeal has been removed, and the law of the case supports a finding, in my view, that the Amended Settlement be approved.[73] The fact that the terms of the settlement required action during the pendency of the appeal did not deprive this Court, or the stockholders, of the required "judicial supervision of [the] dismissal and compromise of [this] derivative suit."[74]

---

[72] *Giles*, 270 A.2d at 376.

[73] Because the Amended Settlement is otherwise unchanged from the Second Settlement for which stockholders were provided notice, I find that providing current stockholders notice of the Amended Settlement would be a useless act which equity does not countenance.

[74] *Giles*, 270 A.2d at 376.

Of course, had the *adequacy* of the Second Settlement's benefit to the Company been appealed, and had the Supreme Court found that the benefit was insufficient to support the release of Plaintiff's claims, the transfer of any benefit from Defendants to the Company during the pendency of the appeal would have, presumably, been at Defendants' risk. That was not what happened here. The appeal, in pertinent part, addressed the terms of the release, not the benefit to the Company. In complying with the terms of the Second Settlement by foregoing a part of their compensation in return for a release during the pendency of the appeal, it was *Director Defendants* who risked losing consideration—the release of inchoate claims—and not the Company. Defendants, in agreeing to remove the offensive parts of the release in the Amended Settlement, have accepted that loss. But under the result favored by Objector, the Plaintiff gets to "keep" the benefit of the settlement *and* its cause of action, too. This does not accord with the law of the case doctrine or equity, in my view. The net value of the settlement post-appeal is theoretically greater, not less, than I have found fair.

In the present case, Objector was successful on appeal of a single issue relating to the breadth of the release. I otherwise found that the Second Settlement amount was fair to the class, and Objector did not challenge that on appeal. The fact that a portion of the release was successfully challenged does not alter my determination and the law of the case that the Amended Settlement is fair. I find

20

that the Amended Settlement is identical to the Second Settlement in weighing the adequacy of consideration. Therefore, as a matter of law of the case, I will not revisit my finding regarding the adequacy of the Amended Settlement's consideration.

Accordingly, I find that the Amended Settlement is fair and reasonable. I approve the settlement, and Objector's motion to intervene as Plaintiff is moot.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Approve the Settlement is GRANTED. Objector's Objection to the Settlement is OVERRULED and Objector's Motion to Intervene is DENIED. The parties should submit a form of order consistent with this memorandum opinion. The parties should also submit their positions on the Plaintiff's and the Objector's request for fees.